[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11804

_____

D.C. Docket No. 0:13-cv-61981-RNS

SCOTT BARR, DDS,
on behalf of himself and
other similarly situated,

                                                          Plaintiff-Appellant,

versus

INTERNATIONAL DENTAL SUPPLY CO.,
a Florida corporation,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 5, 2014)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and JONES,* District
Judge.

---

* Honorable Steve C. Jones, United States District Judge for the Northern District of Georgia,
sitting by designation.

PER CURIAM:

This appeal presents the issue whether a putative class action becomes moot when a defendant offers a judgment in favor of the only named plaintiff and putative class representative. Scott Barr, DDS, filed a putative class action against International Dental Supply Company, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Before Barr moved for class certification, International Dental made an offer of judgment, *see* Fed. R. Civ. P. 68, for the maximum monetary damages for Barr's individual cause of action, an injunction to prevent future violations of the Act, and an entry of a judgment. After Barr did not accept the offer, International Dental moved to dismiss the complaint as moot. *See* Fed. R. Civ. P. 12(b)(1). The district court granted that motion. Based on our intervening precedent in *Jeffrey Stein, D.D.S., M.S.D., P.A. v. Buccaneers Limited Partnership*, we reverse and remand. No. 13-15417 (11th Cir. Dec. 1, 2014).

*Buccaneers Limited* controls this appeal. In *Buccaneers Limited*, the named plaintiff received an offer of judgment under Rule 68, before he moved for class certification. *Buccaneers Limited*, No. 13-15417, at *2. The named plaintiff did not accept the offer. *Id.* We held that the unaccepted offer of judgment under Rule 68, did not render the named plaintiff's complaint moot. *Buccaneers Limited*, No. 13-15417, at *23. Based on that precedent, the offer of judgment in favor of Barr did not render his complaint moot.

2

We **REVERSE** the order of dismissal for lack of subject-matter jurisdiction

and **REMAND** for further proceedings consistent with this opinion.